United States District Court
Southern District of Texas
**ENTERED**
March 05, 2025
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **KRYSTLE FAULK,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civ. Action No. 4:24-cv-05100** |
| | § | |
| **LEGACY COMMUNITY HEALTH SERVICES, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

# PROTECTIVE ORDER

It is hereby ordered by the Court that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

1. Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." "Confidential" information or documents may be referred to collectively as "confidential information."

2. Unless ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3. In the event a party challenges another party's confidential designation, counsel must make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law and Court rules.

4. Information or documents designated as "confidential" must not be disclosed to any person, except:

   a. The requesting party and counsel, including in-house counsel;

b. Employees of such counsel assigned to and necessary to assist in the litigation;

c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

d. Any person from whom testimony is taken or is to be taken in these action, except that such a person may only be shown that Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information; and

e. The Court (including any clerk, stenographer, or other person having access to any Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions.

5. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

a. inform the person of the confidential nature of the information OR documents; and

b. inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 4(c) and (d) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event the person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek relief from the Court.

7. The disclosure of a document or information without designating it as "confidential" does not constitute a waive the right to designate such document or information as Confidential Information provided that the material is designated pursuant to the procedures set forth herein no later than that latter of fourteen (14) days after the close of discovery or fourteen (14) days after the document or information's production. If so designated, the document or information must thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order. Furthermore, the production or disclosure of Confidential Information does not waive any attorney-client privilege, work product protection, or any other legal privilege. If Confidential Information is inadvertently disclosed, the disclosing party may request its return *within twenty-one (21) days*, and such request will not be considered a waiver of any rights.

8. All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, must be filed under seal to the extent permitted by law (including without limitation any applicable

rules of court) and kept under seal until further order of the Court. To the extent the Court requires any further act by the parties as a precondition to the filing of documents underseal (beyond the submission of this Stipulation and Order Regarding Confidential Information), it is the obligation of the producing party of the documents to be filed with the Court to satisfy any such precondition. When possible, only confidential portions of filings with the Court are to be filed under seal.

9. At the conclusion of litigation, the Confidential Information and any copies thereof must be promptly (and in no event later than thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel are permitted to retain their working files on the condition that those files will remain confidential.

10. Any violation of this Protective Order, including the unauthorized disclosure of Confidential Information, may result in sanctions such as monetary fines, adverse inference instructions, the striking of pleadings or evidence, and liability for any costs and damages arising from the breach, as determined by the Court.

11. The parties agree that no Confidential Information may be used in any public forum, including media outlets or social media, under any circumstances. Any unauthorized public disclosure may subject the disclosing party to sanctions.

12. In the event that any Confidential Information is subpoenaed by a third party in any other proceeding, the party receiving the subpoena shall promptly notify the producing party so that the producing party may take appropriate action to protect its interests.

13. Upon conclusion of the litigation, any experts or consultants who received Confidential Information shall also return or destroy all copies of such information and provide an affidavit of compliance with this Protective Order.

14. Any Confidential Information used during settlement discussions or negotiations, whether formal or informal, shall remain confidential and subject to this Protective Order, even if no settlement is reached.

15. Nothing in this Protective Order precludes a party from applying for additional protective measures should a particular document or category of information require heightened protection due to its sensitive nature.

16. The provisions of this Protective Order shall survive the conclusion of the litigation, including any appeal process, and remain in full force and effect until modified or terminated by further order of the Court.

The foregoing is without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information, to object to the production of documents or information, to apply to the Court for an order compelling production of documents or information, or to seek modification of this Order. This Order may have been forced by either party and any violation may result in the imposition of sanctions by the Court.

Signed on March 5, 2025, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge